Filed 11/6/25  P. v. Gwozdz CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>LINDA DOREEN GWOZDZ,<br><br>        Defendant and Appellant. | B341080<br><br>(Los Angeles County<br>Super. Ct. No. VA124916) |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Dismissed.

Gabrielle D. Trujillo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Defendant Linda Doreen Gwozdz appeals from an order denying her request for resentencing under Penal Code section 1172.1.[1] Gwozdz's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. (See *People v. Rosemond* (2025) 108 Cal.App.5th 667, 673 [*Delgadillo* applies to the denial of a request for resentencing under § 1172.1].)[2] Gwozdz filed a supplemental brief in which she asserts the trial court erroneously denied her section 1172.1 resentencing request because, among other reasons, certain laws enacted after her conviction became final would potentially benefit her if the court was to resentence her.

Because the order from which Gwozdz appeals is not appealable, we lack jurisdiction and therefore dismiss the appeal.

### FACTUAL AND PROCEDURAL SUMMARY

In 2015, a jury found Gwozdz guilty of the second degree murder of her husband Patrick Duffey. (§ 187, subd. (a).) The jury also found true an allegation that in the commission of the murder Gwozdz personally and intentionally discharged a handgun causing great bodily injury and death to Duffey within the meaning of section 12022.53, subdivision (d). The court sentenced Gwozdz to prison for 40 years to life. After a direct appeal, we ordered the judgment of conviction modified to correct an error with the parole revocation restitution fine but otherwise

---

[1] All subsequent statutory references are to the Penal Code.

[2] Counsel sent a copy of the brief and the record on appeal to Gwozdz, and informed her that she had the right to file a supplemental brief. We are satisfied that counsel has complied with her obligations under *Delgadillo*.

affirmed.  (*People v. Gwozdz* (Sept. 29, 2016, B264109) [nonpub. opn.].)

On July 12, 2024, Gwozdz filed a petition for recall and resentencing under section 1172.1.  The petition referenced, among other statutes and regulations, California Code of Regulations, title 15, section 3076, subdivision (a), which grants the Secretary of the Department of Corrections and Rehabilitation discretion to recommend resentencing for certain prisoners, and Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended section 1385 to specify factors that a trial court must consider when deciding whether to strike enhancements in the interest of justice (Stats. 2021, ch. 721, § 1).

On August 1, 2024, the trial court denied Gwozdz's resentencing request.  The court explained that it was doing so "for the following reasons:  [¶]  Defendant was convicted and sentenced in 2015.  The case is final.  No legal grounds for resentencing.  Defendant['s] request pursuant to S[enate ]B[ill No.] 81 and [California Code of Regulations, title ]15[, section] 3076[, subdivision ](a)(2) is denied.  [¶]  Also, pursuant to . . . section 1172.1, subdivision (c), a defendant is not entitled to file a petition seeking relief from the court under section 1172.1.  If a defendant requests consideration for such relief, the court is not required to respond.  Accordingly, the court will take no further action on defendant's petition."

On September 30, 2024, Gwozdz filed a notice of appeal from the August 1 order.

## DISCUSSION

Although Gwozdz referenced statutes and regulations in her petition to the trial court other than section 1172.1, she claims entitlement to consideration under those rules only by

3

virtue of a resentencing proceeding pursuant to section 1172.1. Under section 1172.1, "the [trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (*Id.*, subd. (a)(1).) The court may also act upon the recommendation of certain state government officials. (*Ibid.*)

A defendant, however, "is not entitled to file a petition seeking relief from the court under [section 1172.1]" (§ 1172.1, subd. (c)), and a defendant who nevertheless files such "an unauthorized request for resentencing has no *right* to a ruling" (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996).

Although a court that receives an unauthorized request for resentencing under section 1172.1 may exercise its discretion under the statute to recall the defendant's sentence on its own motion,[3] if it declines to exercise such discretion, the order is not appealable and we lack the authority to rule on the merits of the appeal. (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy* (2025) 110 Cal.App.5th 991; *People v. Faustinos* (2025) 109 Cal.App.5th 687; *People v. Wilson* (2025) 109 Cal.App.5th 198; *People v. Hodge, supra*, 107 Cal.App.5th at p. 999.) We therefore dismiss the appeal.

---

[3] E.g., *People v. Olea* (Oct. 30, 2025, H051988) ___ Cal.App.5th ___, ___ [2025 WL 3034336 *7] [denial of § 1172.1 petition filed by a defendant was an appealable order because the trial court "effectively evaluated and denied [the defendant]'s petition on the merits"].)

4

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.